IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RODGER WILLIAMS, §
　　　　　　　　　　　　　　　　§
　　Petitioner, §
　　　　　　　　　　　　　　　　§
v. § Civil Action No. 4:17-cv-1000-P
　　　　　　　　　　　　　　　　§
ERIC D. WILSON, Warden, §
FMC-Fort Worth, §
　　　　　　　　　　　　　　　　§
　　Respondent. §

## OPINION AND ORDER

Before the Court are federal prisoner Rodger Williams's ("Williams") petition for writ of habeas corpus under 28 U.S.C. § 2241 and an amended form § 2241 petition (ECF Nos. 1, 5), the Warden Respondent's response with appendix (ECF Nos. 9–10), and Williams's reply (ECF No. 11.) After considering the relief sought by Williams, the record, related briefing, and applicable law, the Court concludes that Williams's § 2241 petition should be **DISMISSED** for lack of jurisdiction.

## I.　BACKGROUND

Williams was convicted in the United States District Court for the Northern District of Texas, Dallas Division, of conspiracy to possess with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(iii). J., *United States v. Williams*, No. 3:10-CR-206-D (6) (N.D. Tex. Feb. 10, 2012), ECF No. 414.[1]

---

[1] The Court takes judicial notice of the records of Williams criminal case. *See* FED. R. EVID. 201(b)(2) and (c)(1).

He was sentenced to 210 months' imprisonment. *Id.* Williams did not file a direct appeal, but he filed a motion for relief under 28 U.S.C. § 2255, which was dismissed with prejudice in May 2017. Order and Judgment, *Williams v. United States*, No. 3:16-CV-01523-D (N.D. Tex. May 30, 2017), ECF Nos. 18, 19. Williams filed a notice of appeal, but that appeal was dismissed for lack of prosecution. *United States v. Williams*, No. 17-10940 (5th Cir. Sep. 15, 2017). Williams also filed a motion for reduction of sentence under 18 U.S.C. § 3582, but that motion was denied. Order, *United States v. Williams*, No. 3:10-CR-206-D(6), ECF No. 509. Williams then filed the instant § 2241 petition in this Court. Pet. 1, ECF No. 1.

## II. CLAIMS FOR RELIEF

Williams asserts that the convicting court improperly sentenced him as a "career offender" because his prior state controlled substance convictions that were used as predicate offenses no longer qualify under the Supreme Court's ruling in *Mathis v. United States*, 136 S.Ct. 2243 (2016), as interpreted in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). Pet. 3–5, ECF No.1; Am. Pet. 5, ECF No. 5. Williams seeks to have the career-offender enhancement vacated and to be re-sentenced. Pet. 5, ECF No. 1.

## III. ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner

may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Williams cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d

3

at 830).

Williams has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Williams does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Williams does in this case, that he was erroneously sentenced. *Logan*, 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id*. at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)). More particularly, the Fifth Circuit has expressly determined that a claim of actual innocence of the career-offender sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford v.Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (*citing Kinder v. Purdy*, 222 F. 3d 209, 213-14 (5th Cir. 2000); *see also Dority v. Roy*, 402 Fed Appx. 2, 2010 WL 4558884 (5th Cir. 2010) (claim of actual innocence of career offender enhancement is not a claim of actual innocence sufficient to warrant review under the § 2241 savings clause).

Williams' specific case law arguments also fail to show any entitlement to relief. Williams argues that *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *United States v.*

4

*Hinkle*, 832 F.3d 569 (5th Cir. 2016), prevent his Texas conviction for delivery of a controlled substance from being used as a career-offender predicate. Pet. 3, ECF No. 1. But to proceed under § 2241, Williams must show that some retroactively applicable Supreme Court case establishes that he was convicted of a nonexistent offense. *See Reyes-Requena*, 243 F.3d at 904. Neither *Mathis* nor *Hinkle* qualifies as such.

*Mathis* clarified the proper judicial framework to determine whether a prior conviction qualifies as a sentencing predicate when the underlying offense involves a statute that lists multiple, alternative means of satisfying one or more of its elements. *Mathis*, 136 S. Ct. at 2251–55. And the Supreme Court explicitly stated in *Mathis* that it was not announcing a new rule and that its decision was dictated by decades of prior precedent. *Id.* at 2257. Subsequent case law establishes that *Mathis* does not provide a basis for invoking the § 2241 savings clause. *See Sharbutt v. Vasquez*, 749 F. App'x 307, 308 (5th Cir. 2019) ("Because *Mathis* implicates the validity of a sentencing enhancement, *Mathis* does not establish Sharbutt was convicted of a nonexistent offense . . . Moreover *Mathis* does not apply retroactively") (citations omitted); *see also Getachew v. Harmon,* No. 3:17-cv-224-D, 2017 WL 2348834, at * 3–4 n. 1 (N.D. Tex. March 27, 2017) (rejecting *Mathis* based claims under the § 2241 savings clause), *R and R adopted*, 2017 WL 2345707 (N.D. Tex. May 30, 2017).

Furthermore, *Hinkle v. United States* is of course not a Supreme Court decision, and the Fifth Circuit's application of *Mathis* in that case arose on direct appeal, not collateral review. *See Hinkle*, 832 F.3d at 574-77. Thus, *Hinkle* provides no basis for relief under the savings clause. *See Jenkins v. Harmon*, No. 3:17-CV-831-C-BK, 2017 WL 6883892 (N.D. Tex. Dec. 5, 2017) (recommending the dismissal of a § 2241 petition that relied on a similar

5

theory under *Mathis* and *Hinkle*, and explaining why such arguments fail to satisfy the requirements to proceed under the savings clause), *R and R adopted*, 2018 WL 351903 (N.D. Tex. Dec. 8, 2018); *see also Nelson v. Pollock*, 2017 WL 3881500, at *2 (W.D. La. July 11, 2017) (rejecting petitioner's claims that he was entitled to seek relief under § 2241 against his career offender sentence under *Mathis* and *Hinkle* based upon the savings clause), *R and R adopted*, 2017 WL 38811163 (W.D. La. Sep. 1, 2017). Thus, Williams has not invoked the savings clause in reliance on *Mathis* and *Hinkle*.

As Williams does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, the Court concludes that he is not entitled to relief under § 2241. Williams's § 2241 petition must be dismissed for lack of jurisdiction.[2] *See Christopher*, 342 F.3d at 379, 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

---

[2]Although respondent Wilson asserts that Williams waived the right to collaterally attack his sentence as part of his plea agreement, because the Court finds that this case must be dismissed for lack of jurisdiction, it does not reach the issue of the applicability of the waiver. *See generally Olvera v. Henson*, No. 2:17-CV-114, 2017 WL 8030717, (S.D. Tex. Oct. 10, 2017) (after finding that Petitioner had not properly invoked the § 2241 savings clause, and that the case should be dismissed for lack of jurisdiction, declining to make a recommendation regarding any prior waiver of the right to pursue § 2241 relief), *R and R adopted*, 2018 WL 1140384, *1 (S.D. Tex. Mar. 1, 2018).

6

## IV. CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Rodger Williams's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **3rd day** of **September, 2019**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE